USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/29/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

APG WORLDWIDE LIMITED,

Plaintiff,

-against-

PASSFEED INC.,

Defendant.

1:22-cv-3078 (MKV)

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL ARBITRATION**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff APG Worldwide Limited ("APG") asserts claims for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, promissory estoppel, conversion, constructive trust, and money had and received. Defendant Passfeed Inc. ("Passfeed") moves to compel arbitration. For the reasons below, the motion to compel arbitration is GRANTED.

## BACKGROUND

APG is a Chinese "cross-border payment solution provider." First Amended Complaint ¶ 8 [ECF No. 10] ("Am. Compl."). Passfeed is a Delaware corporation engaged in payment processing services. Am. Compl. ¶¶ 4, 13, 14. In December 2018, the parties executed a Services Agreement, providing that APG would obtain "certain [p]ayment [p]rocessing [s]ervices" from Passfeed.[1] Am. Compl. ¶¶ 12–15; *see also* Services Agreement [ECF No. 10-1]. The Services Agreement includes an arbitration provision, providing in part:

> Any dispute, controversy or claim arising out of or relating to this contract, including the formation, interpretation, breach or termination thereof, including whether the claims asserted are arbitrable, will be referred to and finally determined by arbitration administered by the Singapore International Arbitration Centre

[1] The Services Agreement is attached to the Amended Complaint as Exhibit A. *See* Am. Compl. ¶ 13.

("SIAC") in accordance with the Arbitration Rules of the SIAC for the time being in force, which rules are deemed to be incorporated by reference in this clause.

Services Agreement Section E, Article 11(a).

The parties' business relationship quickly deteriorated. On April 13, 2022, APG filed a complaint in this Court, alleging that Passfeed materially breached the Services Agreement. Complaint ¶ 1 [ECF No. 1]. APG filed an amended complaint several months later. *See* Am. Compl. Passfeed then moved to compel arbitration. Motion to Compel Arbitration [ECF No. 11] ("Motion"). APG filed an "opposition" to the motion. First Reply Memorandum of Law in Opposition [ECF No. 16] ("Pl. Opp."). Passfeed did not file a reply.

## ANALYSIS

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under Section 4 of the FAA, a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" may file a motion to compel, which a court must grant "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. In deciding motions to compel arbitration, a court must consider: "(1) whether the parties have entered into a valid agreement to arbitrate, and, if so, (2) whether the dispute at issue comes within the scope of the arbitration agreement." *Ameriprise Fin. Servs., Inc. v. Beland*, 672 F.3d 113, 128 (2d Cir. 2011).

Although APG filed an opposition to Passfeed's motion to compel arbitration, the parties do not appear to disagree on any issue. APG and Passfeed *agree* that the Services Agreement includes an arbitration provision, that the arbitration provision governs this dispute, and that, as a result, this dispute should be referred to arbitration. *See* First Memorandum of Law in Support

[ECF No. 12] ("Def. Mem.") 12–20; Pl. Opp. 4, 7–9. Indeed, APG concludes its opposition brief by writing "Defendant requested the court to [sic] grant a motion to compel arbitration and stay this action pending arbitration, Plaintiff has no objection to that." Pl. Opp. 9.

APG explains that it only opposes Passfeed's request "that this action . . . be dismissed," instead requesting a stay. Pl. Opp. 4, 6–9. But this issue does not appear to be in dispute, either. Passfeed asked this Court to "dismiss *or* stay this action pending arbitration." Def. Mem. 20 (emphasis added). It therefore appears both parties are amenable to a stay pending arbitration. But even if Passfeed had not requested a stay, Section 3 of the FAA provides that "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration," the Court "shall *on application of one of the parties* stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3 (emphasis added). The Court will therefore stay this action pending arbitration. *See Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015) ("[T]he text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested.").[2]

## CONCLUSION

For the foregoing reasons, the motion to compel arbitration is GRANTED. The Clerk of the Court is respectfully requested to terminate docket entry 11 and to stay this matter pending arbitration.

**SO ORDERED.**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**

**Date: December 29, 2022**
**New York, NY**

[2] APG also requests that this Court deny Passfeed's Rule 12(b)(6) motion to dismiss. *See* Pl. Opp. 6–7. However, Passfeed filed no such motion. The Court therefore need not address these arguments.